IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| CORNELIUS KNOTT, | * |
| Plaintiff, | * |
| v. | *     Case No.: GJH-19-1647 |
| | * |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Cornelius Knott brought this civil action against Defendants Wexford Health Sources, Inc. ("Wexford"), Joanne A. Hartung, RN, Tina Louise Carder, RN, and Lori Slavick, P.A., alleging claims of medical negligence and deliberate indifference to a serious medical need under the Eighth Amendment and the Maryland Declaration of Rights. ECF No. 1. Pending before the Court is Defendants' Motion to Dismiss. ECF No. 5. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted.

**I.     BACKGROUND[1]**

In June 2016, Plaintiff was in the custody of the Maryland Department of Public Safety and Correctional Services ("DPSCS") and incarcerated in the Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland. ECF No. 1 ¶¶ 7, 9. At that time, Defendant Wexford, a corporate health care provider, had a contract with DPSCS to provide medical care

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.

1

and treatment and utilization management services for all individuals incarcerated in DPSCS correctional facilities, including MCTC. ECF No. 1 ¶ 3.

During the course of his incarceration, Plaintiff developed left foot numbness and pain. *Id.* ¶ 10. On June 6, 2016, he was seen and evaluated for pain in his left calf by Defendant Hartung. *Id.* Defendant Hartung recorded a normal pulse for Plaintiff and found no abnormalities in his foot; she diagnosed Plaintiff with a muscle sprain and prescribed him Ibuprofen, as needed. *Id.* ¶¶ 10, 11. On June 20, 2016, Plaintiff was evaluated and treated by Defendant Carder for left foot pain and numbness. *Id.* ¶ 11. Defendant Carder's records do not indicate whether she did a pulse exam or prescribed medication. *Id.* On June 24, 2016, Plaintiff encountered medical professionals once again for a toenail clipping. *Id.* ¶ 11. Records reflect that his nails were "thick with fungus, discolored and misshapen," but do not mention any examination of Plaintiff's limbs or any complaints of pain. *Id.* On June 29, 2016, Plaintiff complained of cold feet and was examined by Defendant Slavick. *Id.* ¶ 12. Defendant Slavick concluded that Plaintiff's symptoms were related to a medication called Cimzia, so that medication was discontinued. *Id.* Defendant Slavick's records do not indicate whether she did a pulse exam or took the temperature of Plaintiff's extremities. *Id.*

On July 9, 2016 at 5:33 a.m., Plaintiff was evaluated by Holly Kauffman[2] when he complained of severe pain in his left leg and that he could barely move it. *Id.* ¶ 13. Ms. Kauffman found Plaintiff's left leg to be significantly colder than his right leg and determined that the left leg has "thready distal pulses." *Id.* Ms. Kaufmann notified a provider, and Plaintiff was given Nubain and kept in the dispensary under observation. *Id.* One hour later, his condition remained the same, with "bluish-brown cold skin in the lower leg" and "thready pedal pulses."

---

[2] Ms. Kauffman is not a defendant in this case.

*Id.* A provider was once again notified, and arrangements were made to send Plaintiff to Meritus Medical Center in Hagerstown, Maryland to rule out arterial thrombosis. *Id.*

Plaintiff arrived at Meritus Medical Center at 9:02 a.m. that same day. *Id.* ¶ 14. An arterial doppler study revealed thrombosis of the left superficial femoral, popliteal, and tibial arteries. *Id.* Plaintiff's hemoglobin level was 6.4, and so he was also determined to be anemic. *Id.* He was then transferred for tertiary care at the Washington Hospital Center due to a lack of patient beds at closer hospitals. *Id.* After arriving at the Washington Hospital Center at 5:05 p.m., providers determined that Plaintiff's left leg required amputation. *Id.* ¶ 15. Plaintiff's leg was amputated at Bon Secours Hospital in Baltimore, Maryland. *Id.*

On June 4, 2019, Plaintiff filed a Complaint against Defendants in this Court alleging claims of medical negligence (Count I) and deliberate indifference to a serious medical need in violation of the Eighth Amendment and the Maryland Declaration of Rights (Count II). ECF No. 1. Defendants filed a Motion to Dismiss on June 21, 2019. ECF No. 5. Plaintiff filed a response on July 22, 2019, ECF No. 10, and Defendants filed a reply on July 29, 2019, ECF No. 11.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a

claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)). Where, as here, the defendant raises a statute of limitations defense, the defense is an appropriate ground for granting a motion to dismiss where the expiration of the relevant statute of limitation "is apparent from the face of the complaint." *Wright v. United States Postal Serv.*, 305 F. Supp. 2d 562, 563 (D. Md. 2004) (citing *Pantry Pride Enters., Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir. 1984)).

## III. DISCUSSION

Defendants move to dismiss both counts in the Complaint for failure to state a claim. Defendants contend that Count I must be dismissed because the Complaint does not allege the standard of care that was owed by any of the medical providers who treated Plaintiff. ECF No. 5-1 at 4–6. Defendants contend that Count II must be dismissed as to Defendant Wexford because there is no *respondeat superior* liability under § 1983 and as to the individual Defendants because the Complaint contains no allegations that the individual Defendants had subjective knowledge of a serious medical need and disregarded it. *Id.* at 6–8.

In opposition, Plaintiff contends that the Complaint contains allegations of at least eight ways in which Defendants deviated from the standard of care. ECF No. 10-1 at 3–5. He contends further that the Complaint states a viable § 1983 claim against Defendant Wexford because it alleges that Wexford failed to properly hire and train its medical staff, failed to have proper diagnostic equipment, and failed to have policies and procedures in place to properly deal with Plaintiff's symptoms. *Id.* at 5–6. Finally, Plaintiff contends that the Complaint states a viable § 1983 claim against the individual Defendants because they only lacked subjective knowledge of Plaintiff's serious medical condition because they failed to properly diagnose him. *Id.* at 6–8.

### A. Deliberate Indifference to a Serious Medical Need (Count II)

The Court's jurisdiction over Plaintiff's state law claim in Count I is contingent on the presence of Plaintiff's federal claim in Count II, so the Court will first consider whether the Complaint sufficiently alleges a claim of deliberate indifference to a serious medical need. "A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To show deliberate

5

indifference to a serious medical need, a plaintiff must show that (1) his condition was serious, meaning it was "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *id.* (citing *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)) (internal quotation marks omitted), and (2) that the defendant "subjectively knows of and disregards an excessive risk to inmate health or safety," *id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (internal quotation marks omitted). "An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them." *Depaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). "Neither an 'inadvertent failure to provide adequate medical care' nor 'negligence in diagnosing or treating a medical condition' amounts to deliberate indifference." *Gardner v. United States*, 184 F. Supp. 3d 175, 180 (D. Md. 2016).

Moreover, the doctrine of *respondeat superior* does not apply to § 1983 claims. *See Wellington v. Daniels*, 717 F.2d 932, 935 (4th Cir. 1983) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). Thus, where, as here, a plaintiff sues an entity, the entity can be "liable only for its *own* illegal acts," and not vicariously liable for the conduct of its employees. *See Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 402 (4th Cir. 2014) (emphasis in original); *see also Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (finding that the lack of vicarious liability under § 1983 extends to private corporations acting under color of state law). Under this standard, the entity will be liable "if it follows a custom, policy, or practice" by which its employees "violate a plaintiff's constitutional rights." *See Owens*, 767 F.3d at 402.

Here, the Complaint fails to state a claim for deliberate indifference against any of the four Defendants. Although the Complaint certainly alleges that on July 9, 2016, Plaintiff had thrombosis of the left superficial femoral, popliteal, and tibial arteries that required amputation

6

of the left leg, ECF No. 1 ¶¶ 14, 15, it contains no allegations that any of the three individual Defendants had "actual knowledge of th[is] risk of harm" to Plaintiff. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). The Complaint alleges that Defendant Hartung knew that Plaintiff had pain, a normal pulse, and no abnormalities in his left leg, and that she diagnosed him with a muscle sprain and prescribed Ibuprofen, ECF No. 1 ¶ 10, Defendant Carder knew he had pain and numbness in his left leg and then treated him, *id.* ¶ 11, and Defendant Slavick knew that Plaintiff had cold feet, which she determined was a side effect of the medication Cimzia, and then she discontinued the medication, *id.* ¶ 12. Plaintiff cites to no allegation or authority suggesting that the symptoms of which the individual Defendants were aware amounted to a serious vascular condition "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Jackson*, 775 F.3d at 178. Moreover, the Complaint does not allege that any of the individual Defendants disregarded Plaintiffs' condition; rather, each of them treated the conditions of which they were actually aware. Any argument that individuals should have acted differently under the circumstances or that they had a duty to do more cannot raise the allegations to the level of a deliberate indifference claim because "[n]either an 'inadvertent failure to provide adequate medical care' nor 'negligence in diagnosing or treating a medical condition' amounts to deliberate indifference." *See Gardner*, 184 F. Supp. 3d at 180. Thus, Count II is dismissed as to the individual Defendants.[3]

---

[3] The Complaint raises a deliberate indifference claim under both the Eighth Amendment and the Maryland Declaration of Rights. "Maryland courts often have looked to federal cases interpreting the parallel federal provision." *See Okwa v. Harper*, 360 Md. 161, 203 (2000). Because the Complaint fails to state a claim for deliberate indifference under the Eighth Amendment, it also fails to state a claim under the Maryland Declaration of Rights. Both claims are dismissed.

7

The Complaint also fails to state a claim for deliberate indifference against Defendant Wexford. Regarding Defendant Wexford, the Complaint alleges that Wexford's employees were deliberately indifferent to Plaintiff's serious medical needs, and that Defendant Wexford had a duty to properly diagnose and treat the thrombosis in Plaintiff's left leg, failed to timely diagnose Plaintiff and provide him with proper medical care, failed to hire competent employees or maintain proper medical facilities, and delayed Plaintiff's access to proper medical treatment. ECF No. 1 ¶¶ 22–24. These allegations fail to state an Eighth Amendment claim against Defendant Wexford because Wexford cannot be vicariously liable for the allegedly unconstitutional conduct of its employees, and the Complaint contains no allegation that the individual Defendants' conduct was taken pursuant to a "custom, policy, or practice" of Defendant Wexford's. *See Owens*, 767 F.3d at 402.

In his opposition, Plaintiff contends that the Complaint states a viable claim against Defendant Wexford by alleging that it failed to hire competent staff, failed to have proper diagnostic equipment, and failed to have policies and procedures in place to address Plaintiff's condition. This articulation of Plaintiff's claims, however, frames those claims as negligence claims, rather than unconstitutional deliberate indifference claims, and Plaintiff cites to no authority from which the Court could conclude otherwise. Thus, Count II is dismissed as to Defendant Wexford.

### B. Medical Negligence (Count I)

The only remaining claim is the state-law negligence claim alleged in Count I of the Complaint. Although Defendants have moved to dismiss Count I for failure to state a claim, the Court has an independent obligation to ensure that it retains subject-matter jurisdiction over the claim before determining the sufficiency of the pleadings. *See Brickwood Contractors, Inc. v.*

*Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."); *Steele Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 19 L.Ed. 264 (1868)) (requiring a district court to dismiss a claim as soon as it determines that it lacks subject-matter jurisdiction).

District courts have diversity jurisdiction over civil actions between citizens of different states and where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Importantly, diversity jurisdiction requires complete diversity between *all* parties. *See Banca Del Sempione v. Provident Bank of Md.*, 85 F.3d 615 (4th Cir. 1996) (per curiam) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Here, it is not clear to the Court that there is complete diversity between Plaintiff, a Maryland resident, and each Defendant. Although Defendant Wexford is incorporated in Florida and has its principal place of business in Pennsylvania, the only allegation as to the domiciles of the individual Defendants is the Complaint's statement that "removal is not predicated *solely* on diversity, [so] the fact that defendants Hartung, Carder, and Salvick may be citizens of Maryland does not preclude this court from exercising diversity jurisdiction even if [Plaintiff's] deliberate indifference [claim] is dismissed, either voluntarily or upon motion by the defendants." ECF No. 1 ¶ 1 (emphasis in original). It is not clear what Plaintiff means by this statement, but it does suggest that the individual Defendants are domiciled in Maryland. Because it is generally the plaintiff's burden to prove subject-matter jurisdiction, *see United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019); *see also* Fed. R. Civ. P. 8(a)(1), and there are insufficient allegations in the Complaint from which the Court can determine that there is complete diversity, the Court

9

concludes that it lacks subject-matter jurisdiction over the remaining medical negligence claim in Count I. Accordingly, that claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. A separate Order shall issue.

Date: <u>March     23, 2020</u>                              <u>/s/                                             </u>
                                                            GEORGE J. HAZEL
                                                            United States District Judge